UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIO ROSENDO,<br><br>                                                        Plaintiff,<br><br>- against -<br><br>CGY & J CORP. d/b/a KITARO JAPANESE RESTAURANT, GUO YONG CHEN, JOHN HAWTHORNE, and NINI SCHWENK (individually),<br><br>                                                        Defendants. | CIVIL ACTION<br><br>Jury Trial Requested<br><br>**COMPLAINT** |

   Plaintiff, by his attorneys, Virginia and Ambinder, LLP, alleges upon knowledge to himself and upon information and belief as to all other matters as follows:

### PRELIMINARY STATEMENT

   1.  This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. § 207; New York Labor Law ("NYLL") Article 19 §633, 652; NYLL Article 6 §§ 190 *et seq.*; and 12 New York Codes, Rules, and Regulations (hereinafter referred to as "NYCRR") §146-1.2, 146-1.4, and 146-1.6 to recover unpaid minimum wages, overtime compensation, spread of hours compensation, and damages arising out of Defendants' failure to provide paystubs and wage statements owed to Mario Rosendo (hereinafter "Plaintiff"), by CGY & J Corp. d/b/a Kitaro Japanese Restaurant (hereinafter "Kitaro"), Guo Yong Chen, John Hawthorne, and Nini Schwenk, individually (hereinafter collectively referred to as "Defendants").

   2.  Defendants operate a restaurant known as Kitaro, located at 510 Amsterdam Avenue, New York, New York 10024.

   3.  Beginning in approximately June 2010, and upon information and belief, continuing through April 2015, Defendants engaged in a policy and practice of failing to pay Plaintiff earned minimum wages as required by applicable state law.

4. Beginning in approximately June 2010, and upon information and belief, continuing through April 2015, Defendants engaged in a policy and practice of requiring the Plaintiff to regularly work in excess of forty (40) hours each week, without being paid overtime wages as required by applicable federal and state law.

5. Beginning in approximately June 2010, and upon information and belief, continuing through April 2015, Defendants engaged in a policy and practice of requiring the Plaintiff to regularly work over ten (10) hours per day without providing "spread of hours" compensation, as required by applicable state law.

6. Beginning in approximately June 2010, and upon information and belief, continuing through April 2015, Defendants engaged in a policy and practice of failing to provide Plaintiff with paystubs and wage statements as required by applicable state law.

7. Under the direction of Defendants' corporate officers and/or directors Guo Yong Chen, John Hawthorne, and Nini Schwenk, Defendants instituted this practice of depriving Plaintiff of minimum wages, overtime compensation and spread of hours compensation, as mandated by federal and state law.

8. Plaintiff has initiated this action seeking unpaid overtime compensation, minimum wages, and spread of hours compensation, plus interest, liquidated damages, attorneys' fees, and costs.

**THE PARTIES**

9. Plaintiff Mario Rosendo resides in the State of New York and was employed by Defendants from approximately May 2007 through April 2015 as a cook.

10. Defendant Kitaro is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 510 Amsterdam Avenue, New York, New

York 10024. Defendant Kitaro is engaged in the restaurant and food business.

11.     Upon information and belief, Defendant Guo Yong Chen is a resident of the State of New York and at all relevant times was an officer, director, and/or owner of Kitaro.

12.     Upon information and belief, Defendant John Hawthorne is a resident of the State of New York and at all relevant times was an officer, director, and/or owner of Kitaro.

13.     Upon information and belief, Defendant Nini Schwenk is a resident of the State of New York and at all relevant times was an officer, director, and/or owner of Kitaro.

## JURISDICTION

14.     This Court has original jurisdiction over this action pursuant to the Fair Labor Standards Act, 28 U.S.C. §§ 1331.

## VENUE

15.     Venue for this action in the Southern District of New York under 28 U.S.C. § 1391 (b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York.

## FACTS

16.     Beginning in or about May 2007, Defendants employed Plaintiff at Defendants' restaurant to perform work as a cook.

17.     Plaintiff Mario Rosendo worked for Defendants as a cook from approximately May 2007 through April 2015.

18.     Plaintiff typically worked six (6) days per week from approximately 11:30 a.m. until 11:00 p.m. Three times per month, Plaintiff worked (7) days per week.

19.     Plaintiff was paid a flat weekly rate of approximately $500.00 per week, in cash, regardless of how many hours a week he worked. Beginning in approximately November 2015,

Plaintiff's wages changes to a flat weekly rate of approximately $650.00 per week, in cash, regardless of how many hours a week he worked.

20.     While working for Defendants, Plaintiff did not receive minimum wages for all hours worked as required by applicable federal and state law.

21.     While working for Defendants, Plaintiff was required to work more than forty (40) hours each week, without receiving overtime wages at time and one-half his regular hourly wage for all the hours over forty (40) that he worked, as required by applicable federal and state law.

22.     While working for Defendants, Plaintiff was required to regularly work over ten (10) hours per day without receiving "spread of hours" compensation, as required by applicable state law.

23.     While employed by Defendants, Plaintiff did not receive a paystub with his wages, nor wage statements.

24.     Upon information and belief, Defendants Guo Yong Chen, John Hawthorne, and Nini Schwenk are and at all relevant times were the presidents and/or owners of Kitaro, and (i) had the power to hire and fire employees; (ii) supervised and controlled employee work schedules or conditions of employment; (iii) determined the rate and method of payment for Defendants' employees; and (iv) maintained employment records.

25.     Upon information and belief, Defendants Guo Yong Chen, John Hawthorne, and Nini Schwenk were the principals and owners of Kitaro, dominated the day-to-day operating decisions of Kitaro, and made major personnel decisions for Kitaro.

26.     Upon information and belief, Defendants Guo Yong Chen, John Hawthorne, and Nini Schwenk had complete control of the alleged activities of Kitaro, which give rise to the claims brought herein.

27. Upon information and belief, Defendants are employers under the NYLL, with a business purpose and ownership, and maintains control, oversight and direction over the operations of the work performed by Plaintiff, including payroll practices.

28. Upon information and belief, Defendants' annual gross volume of sales made or business done is not less than $500,000.

29. Upon information and belief, Defendants engage in interstate commerce, produce goods for interstate commerce, or handle, sell, or work on goods or materials that have been moved in or produced for interstate commerce.

30. Upon information and belief, the payments made to Plaintiff by Defendants constitute "wages," as that term is defined in Article 6 and Article 19 of the New York Labor Law.

**FIRST CAUSE OF ACTION**
**FLSA OVERTIME WAGES**

31. Plaintiff repeats and re-allege the allegations set forth above.

32. Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

33. Pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

34. Defendant Kitaro constitutes an employer within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d).

35. Pursuant to 29 U.S.C. § 203(d) and the cases interpreting the same, Defendants Guo Yong Chen, John Hawthorne, and Nini Schwenk constitute "employers" for the purpose of the FLSA and, consequently, are liable for violations of the FLSA.

36. Plaintiff is an "employee" within the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203(e).

37. Upon information and belief, Defendants failed to pay Plaintiff all earned overtime wages for the time hours over forty (40) they worked in any given week.

38. The failure of Defendants to pay Plaintiff his rightfully owed wages was willful.

39. By the foregoing reasons, Defendants are liable to Plaintiff in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## SECOND CAUSE OF ACTION
## NEW YORK OVERTIME COMPENSATION

40. Plaintiff repeats and re-alleges the allegations set forth above.

41. 12 NYCRR §146-1.4 requires that "[A]n employer shall pay an employee for overtime at a wage rate of 1 1/2 times the employee's regular rate for hours worked in excess of 40 hours in one workweek."

42. New York Labor Law § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

43. Defendant Kitaro is an employer, within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

44. Defendants Guo Yong Chen, John Hawthorne, and Nini Schwenk are employers, within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

45. Plaintiff is an "employee" within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(5) and the supporting New York State Department of Labor Regulations.

46. Upon information and belief, Plaintiff worked more than forty hours a week while working for Defendants.

47. Upon information and belief, Plaintiff did not receive overtime compensation for all hours worked after the first forty hours in a week.

48. Consequently, by failing to pay Plaintiff overtime compensation, Defendants violated New York Labor Law § 663 and 12 NYCRR § 146-1.4.

49. Upon information and belief, Defendants' failure to pay overtime compensation for work performed by Plaintiff after the first forty hours worked in a week was willful.

50. By the foregoing reasons, Defendants have violated New York Labor Law § 663 and 12 NYCRR § 146-1.4, and are liable to Plaintiff in an amount to be determined at trial, plus damages, interest, attorneys' fees, and costs.

### THIRD CAUSE OF ACTION
### NEW YORK MINIMUM WAGES

51. Plaintiff repeats and re-alleges the allegations set forth above.

52. New York State law mandates that employees be paid at least a minimum hourly rate for every hour that they work. 12 NYCRR § 146-1.2.

53. 12 NYCRR § 146-1.2 states that "[t]he basic minimum hourly rate … shall be … (1) $ 7.25 per hour on and after January 1, 2011; (2) $ 8.00 per hour on and after December 31,

2013; (3) $ 8.75 per hour on and after December 31, 2014; (4) $ 9.00 per hour on and after December 31, 2015 … or, if greater, such other wage as may be established by Federal law pursuant to 29 U.S.C. section 206 or any successor provisions."

54.  New York Labor Law § 663, provides that, "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

55.  Defendant Kitaro is an employer, within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

56.  Defendants Guo Yong Chen, John Hawthorne, and Nini Schwenk are employers, within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

57.  Plaintiff is an "employee" within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(5) and the supporting New York State Department of Labor Regulations.

58.  Upon information and belief, Defendants failed to pay Plaintiff minimum wages for all hours worked, in violation of 12 NYCRR § 146-1.2 and N.Y. Lab. Law § 663.

59.  Upon information and belief, Defendants' failure to pay Plaintiff minimum wages was willful.

60.  By the foregoing reasons, Defendants have violated Title 12 NYCRR § 146-1.2 and N.Y. Lab. Law § 663, and are liable to the Plaintiff in an amount to be determined at trial, plus interest, damages, attorneys' fees and costs.

**FOURTH CAUSE OF ACTION**
**FLSA MINIMUM WAGE LAW**

61.     Plaintiff repeats and re-alleges the allegations set forth above.

62.     Pursuant to 29 U.S.C. § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than— (A) $5.85 an hour, beginning on the 60th day after May 25, 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and (C) **$7.25 an hour, beginning 24 months after that 60th day.**"

63.     Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

64.     Kitaro Sushi constitutes an employer within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d).

65.     Pursuant to 29 U.S.C. § 203(d) and the cases interpreting the same, Guo Yong Chen, John Hawthorne, and Nini Schwenk constitute "employer(s)" for the purpose of the FLSA and, consequently, are liable for violations of the FLSA.

66.     Pursuant to 29 U.S.C. § 203(d) and the cases interpreting the same, Kitaro Sushi constitutes an "employer" for the purpose of the FLSA and, consequently, is liable for violations of the FLSA.

67.     Plaintiff was Defendants' employee, within the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(e).

68.     Defendants failed to pay Plaintiff all earned minimum wages for the time he worked

for Defendants in any given week, in violation of 29 U.S.C. § 206.

69. The failure of Defendants to pay Plaintiff his rightfully owed wages was willful.

70. By the foregoing reasons, Defendants are liable to Plaintiff in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

### FIFTH CAUSE OF ACTION
### NEW YORK SPREAD OF HOURS

71. Plaintiff repeats and re-alleges the allegations set forth above.

72. Title 12 NYCRR § 146-1.6 requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which: (a) the spread of hours exceeds 10 hours[.]"

73. Upon information and belief, Plaintiff typically worked more than ten hours in a day without receiving an additional hour's pay at their regular wage rate.

74. Upon information and belief, Defendants' failure to pay spread of hours compensation was willful.

75. By the foregoing reasons, Defendants have violated 12 NYCRR § 146-1.6 and are liable to Plaintiff in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

### SIXTH CAUSE OF ACTION
### NEW YORK RECORD KEEPING REQUIREMENTS

76. Plaintiff repeats and re-alleges the allegations set forth above.

77. Pursuant to New York Labor Law §§ 198-1(d) and 195 and 12 NYCRR § 146-2.2 and 2.3, an employer is required to provide its employee with a paystub that accurately reflects the rate of pay, the hours worked and the amounts deducted. The paystubs must include: the employee's rate or rates of pay; the overtime rate of pay, if the employee is subject to overtime

regulations; the basis of wage payment (per hour, per shift, per week, piece rate, commission, etc.); any allowances the employer intends to claim as part of the minimum wage including tip, meal, and lodging allowances; the regular pay day; the employer's name and any names under which the employer does business (DBA); the physical address of the employer's main office or principal place of business and, if different, the employer's mailing address ; and the employer's telephone number.

78. According to New York Labor Law § 198-1(d), Plaintiffs are entitled to $100 for every week in which they did not receive a pay stub.

79. Plaintiff did not receive paystubs each week that he worked.

80. By the foregoing reasons, Defendants have violated New York Labor Law §§ 198-1(d) and 195 and 12 NYCRR § 146-2.2 and 2.3 and are liable to the Plaintiff in an amount to be determined at trial, plus interest, attorneys' fees and costs.

**WHEREFORE**, Plaintiff demands judgment:

1. On the first cause of action against Defendants in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees, and costs;

2. On the second cause of action against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs;

3. On the third cause of action against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs;

4. On the fourth cause of action against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs;

5. On the fifth cause of action against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs;

6. On the sixth cause of action against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs;

7. Such other and further relief as the Court may deem just and proper.

Dated: New York, New York
June 23, 2016

VIRGINIA & AMBINDER, LLP

By: ___s/Michele A. Moreno, Esq.
Michele A. Moreno, Esq.
Leonor H. Coyle, Esq.
40 Broad, 7th Floor
New York, New York 10004
(212) 943-9080
lcoyle@vandallp.com

*Attorneys for Plaintiffs*